## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICK TARMEY** ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:13-cv-13055** |
| ) | |
| **MEDICAL BUREAU OF ECONOMICS** ) | |
| Defendant. ) | |

<u>INTRODUCTION</u>

1.  This is an action for actual and statutory damages brought by plaintiff Patrick Tarmey, an

individual consumer, against Defendant's violations of the law, including, but not limited to,

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter

''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices.

<u>PARTIES</u>

2.  Plaintiff <u>Patrick Tarmey</u> (hereinafter "Patrick" and "Plaintiff") is a consumer, a natural person

allegedly obligated to pay any debt, and a citizen of the United States of America who presently

resides in the following County, in the following state:  <u>Essex County</u>, in the state of

<u>Massachusetts</u>.

1

3. Defendant <u>Medical Bureau of Economics</u> (hereinafter "Defendant") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the following County, at the following address: <u>Worcester County</u>, in the state of <u>Massachusetts</u>.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<u>JURISDICTION</u>

Jurisdiction is asserted pursuant to the following statutory authorities:

6.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## **FACTUAL ALLEGATIONS**

Case background:

8.  Sometime before November 26, 2013, a debtor who is not the Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5). Defendant continued to contact Plaintiff for an alleged debt that someone else was responsible for.

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff on his cell phone prior to November 26, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Defendant called Plaintiff's cell phone, within one year prior to the filing of this complaint, on November 22, 2013, and did not tell Plaintiff at the outset of the call that it was recoding the conversation.  It also did not tell Plaintiff at the outset of the call that it was a debt collect, attempting to collect a debt, and that any information obtained may be used for that purpose, as required by the FDCPA.  Plaintiff only learned these things after inquiring towards the end of the call, after which Defendant quickly ended the conversation.  Defendant's calling and illegal recording of Plaintiff was an invasion of Plaintiff's privacy, and it was done without Plaintiff's consent.  This conduct was in violation of the FDCPA, namely including, **but not limited to**, violations of 15 U.S.C. §§ 1692d, § 1692e(11), and § 1692f.  These were communication(s), as defined under 15 U.S.C. § 1692a(2).

## SUMMARY

13.  All of the above-described collection communications made to Plaintiff Patrick Tarmey by this individual Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

14.  The above-detailed conduct by this Defendant of harassing Patrick in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

15.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which he was contacted and this alleged debt was collected by this Defendant.

16.  Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, emotional distress, frustration, upset, amongst other negative emotions.

17.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

18.  The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff Patrick Tarmey as more further described herein, were committed within the time and space limits of their agency relationship with their principal; Defendant.

19.  The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20.  By committing these acts and omissions against Patrick, this individual Defendant and these other debt collectors were motivated to benefit their principal; Defendant.

21.  Defendant is therefore liable to Patrick through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Patrick.

**FIRST CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

22.  Patrick repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

23.  Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Patrick.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Patrick to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Patrick for actual damages, statutory damages, and reasonable costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

26.  Plaintiff Patrick Tarmey repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

28.  In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Patrick, and to put restrictions on and prevent collection agencies from recording telephone calls they place to telephone subscribers and consumers for commercial purposes, without the subscribers and consumers' consent.  Congress sought to imposing obligations upon debt collectors, such as Defendant, to not illegally record someone without their consent, in violation of FCC regulations.

29.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

30.  Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Patrick, namely, by illegally recording its conversation with him without first alerting him and also without his consent, and thereby invaded Patrick's privacy.

31.  Defendant and/or its agents intentionally and/or negligently caused emotional harm to Patrick by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Patrick to pay on it, by recording him without his consent, which was intentinal and/or negligent conduct which inevitably harassed, bothered, frustrated, agitated, aggravated, and annoyed Patrick, thereby invading and intruding upon Patrick's right to privacy.

32.  Upon information and belief, Defendant and its agents had knowledge of the FDCPA and what is lawful action under it prior to calling Patrick, yet they recorded him in an illegal manner.

33.  Patrick had a reasonable expectation of privacy in Patrick's solitude, seclusion, private concerns and affairs.

34.  The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Patrick, resulted in an intrusion and invasion of privacy by this

Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

35.  All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

36.  As a result of such an intrusion and invasion of privacy, Defendant is liable to Patrick for actual damages in an amount to be determined at trial from Defendant.

37.  All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

**THIRD CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

38.  Plaintiff Patrick Tarmey incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.  The foregoing conduct constitutes a violation of the 'Massachusetts Wiretap Act', **M.G. L. c.272 § 99** ("MWA"), through Defendant's illegal interception and usage of the wire communications with Patrick, without his express or implied consent, which caused him

emotional distress.  This conduct was committed with the purpose of negligently and/or intentionally inflicting of emotional distress on Patrick.

40.  All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness.

41.  As a result of the foregoing violations of the MWA, Defendants are liable to the Plaintiff Patrick Tarmey for actual damages, punitive damages, and reasonable costs and attorney fees, from each Defendant herein.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA violations, MWA violations, and the invasions of Plaintiff's privacy; in amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A), and pursuant to the MWA.

C.  Punitive damages.

D.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. §

1692k(a)(3).

E.  For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**  US Const. amend. 7. Fed.R.Civ.P. 38.

Dated:  November 26, 2013                    RESPECTFULLY SUBMITTED,
                                             Consumer Rights Law Firm, PLLC
                                             By: /s/ Kevin Crick
                                             Kevin Crick, Esq.
                                             Consumer Rights Law Firm, PLLC
                                             231 Sutton St., Suite 1A
                                             North Andover, Massachusetts 01845
                                             Telephone: (978) 420-4747
                                             Fax#1: (978) 409-1846
                                             Email: kevinc@consumerlawfirmcenter.com
                                             Attorney for Plaintiff Patrick Tarmey